**UNITED STATES of America,
Plaintiff–Appellee**

v.

Jose Antonio SANDOVAL–RODRI-
GUEZ, also known as Jose Antonio
Sandaval, Defendant–Appellant.

No. 08–20571

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 21, 2009.

James Lee Turner, Assistant U.S. Attor-
ney, U.S. Attorney's Office Southern Dis-
trict of Texas, Houston, TX, for Plaintiff–
Appellee.

Marjorie A. Meyers, Federal, Public De-
fender Federal Public Defender's Office
Southern District of Texas, Houston, TX,
for Defendant–Appellant.

Before JOLLY, BARKSDALE, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Following his guilty plea to being found
unlawfully present in the United States
following deportation after having been
convicted of a felony, Jose Antonio Sando-
val–Rodriguez was sentenced to, *inter
alia*, 27 months' imprisonment. Sandoval
appeals his sentence, contending, for the
first time on appeal, that the district court
erred at sentencing by imposing a within-
guidelines-range sentence without provid-
ing adequate reasons for rejecting his non-
frivolous claims for a below-the-range sen-
tence.

Sandoval concedes he did not raise this
issue in district court, but seeks to pre-
serve for review his contention that plain-
error review should not apply, notwith-
standing his failure to object.

In the alternative, Sandoval maintains
his sentence should be vacated under
plain-error review. Such review applies
because Sandoval did not present his ob-
jection at sentencing. *United States v.
Mondragon–Santiago*, 564 F.3d 357, 361
(5th Cir.2009). To show reversible plain
error, Sandoval must show a clear or obvi-
ous error that affects his substantial
rights. *See, e.g., United States v. Baker*,

---

538 F.3d 324, 332 (5th Cir.2008), *cert. denied*, —— U.S. ——, 129 S.Ct. 962, 173 L.Ed.2d 153 (2009). Generally, this court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court did not give any reasons for the imposed sentence, although Sandoval had made a nonfrivolous claim for a sentence below the guidelines range. The failure to provide a sufficient explanation for the sentence imposed within the range constituted a clear or obvious error because "the law requiring courts to explain sentences is clear". *Mondragon–Santiago*, 564 F.3d at 364; *see Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Sandoval has not, however, shown the error affected his substantial rights because he has not shown that an explanation by the district court would have changed his sentence. *See Mondragon–Santiago*, 564 F.3d at 364–65. Further, if the sentence imposed was within the guidelines range, the district court's error did not render meaningful appellate review impossible. *Id.* at 365.

Because Sandoval has not shown that the error affected his substantial rights, he has not shown reversible plain error. *See id.* at 364–65; *Baker*, 538 F.3d at 332.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.